*1083 OPINION.
Abundell:
Exemption from tax is claimed by petitioner under section 231 (4) of the Revenue Act of 1924 which grants exemption to:
Domestic building and loan associations substantially all the business of which is confined to making loans to members; * ⅜ *
There can be no doubt that petitioner comes within the classification of “ domestic building and loan associations,” as it was incorporated as such under the laws of the State of Ohio and operated as such during the taxable year.
Upon the evidence we think it clear that petitioner meets the remaining qualification, that is, that substantially all of its business was confined to making loans to members. Membership was acquired by stock ownership and the evidence is that loans were made only to stockholders. While it is not brought out what amount of stock a borrower was required to hold, it is settled by the decision in United States v. Cambridge Loan & Building Co., 278 U. S. 55; 1928 C. C. H., p. 8861, that a building and loan association does not lose its exempt status by granting loans to members in excess of their stockholdings. In that case it appears stockholders were required to subscribe for only “ from one to five shares regardless of the amount of the loan,” and the court says: “ The statute did not limit loans to the amount of slock subscribed for.”
In that case, as in this, the company received a large proportion of deposits from persons who were not members and it paid interest on such deposits. As to this feature the Supreme Court said: “ But for such an association lo start it must have some money to lend, and the typical member does not have it.”
We have here much clearer facts in favor of the exemption claimed than were present in the Cambridge case. In that case, at least *1084 during the early years involved, large loans were made to nonmembers, while here, as has been pointed out, Joans were confined to members.
Reviewed by the Board.

Judgment of no deficiency wül Joe entered.